FILED: 7/21/2023 4:30 PM
Anne Reed, District Clerk
Orange County, Texas
Envelope No. 77778860
Reviewed By: Maria Hernandez

CAUSE NO. 230208-C

| | | |
|---|---|---|
| BOYD BELCHER | § | IN THE DISTRICT COURT |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| | § | |
| VS. | § | ORANGE COUNTY, TEXAS |
| | § | |
| QBE SPECIALTY INSURANCE COMPANY | § | |
| | § | |
| | § | 128th |
| *DEFENDANT.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Boyd Belcher ("Plaintiff"), and file this **Plaintiff's Original Petition** complaining of QBE Specialty Insurance Company ("Defendant"), and for cause of action, Plaintiff would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2.  Plaintiff, Boyd Belcher, resides in Orange County, Texas.

3.  Defendant, QBE Specialty Insurance Company, is an insurance company doing business in Texas and may be served through its agent for sevirce of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. Plaintiff requests service at this time.

## C. JURISDICTION

4.     The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Orange County, Texas, with reference to this specific case.

## D. VENUE

5.     Venue is proper in Orange County, Texas, because the insured property is situated in Orange County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E. CONDITIONS PRECEDENT AND NOTICE

6.     All conditions precedent to recovery have been performed, waived, or have occurred.

7.     Defendant has received a pre-suit notice complying with the Texas Insurance Code § Section 542A.003.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

8.     Whenever in this petition it is alleged that Defendant did any act or omission, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

## G. FACTS

9.     Plaintiff is the named insured under a homeowner's insurance policy (the "Policy"), issued by Defendant. The Policy insures, among other things, against losses from water damage to Plaintiff's property, namely, the real property and improvements located at 660 Sudduth Drive, Bridge City, Texas 77611 (the "Property").

10.    On or about July 5, 2022, during the policy period, due to direct physical loss and accidental

discharge of water within the plumbing of the bathroom on the second floor, several rooms of the Property sustained extensive water damage. The Plaintiff noticed damage to the Property and contacted Defendant to report the loss.

11. On or about September 22, 2022, Plaintiff submitted claim number 868917N (the "Claim") to Defendant against the Policy for the damage that the Property sustained due to the water discharge.

12. Plaintiff requested that Defendant honor its contractual obligations to cover the cost of repairs to the Property.

13. Defendant assigned Christopher Rengifo (the "Adjuster") to adjust the Claim. QBE Specialty Insurance Company and the Adjuster conducted a substandard investigation of the Claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. The Adjuster failed to fully inspect all damage to the Property.

14. Despite obvious, visible water damage, the Adjuster, on his behalf and on behalf of Defendant, verbally misrepresented to the Plaintiff at the time of the inspection and thereafter that the Property had minimal water-related damage and refused to acknowledge the extensive damage to the drywall, insulation, floorings, ceilings, and electrical outlets of the Property. Amira Howard, a senior desk adjuster of Defendant, repeated this misrepresentation, again on her own behalf and on behalf of Defendant, in a letter to the Plaintiff dated October 18, 2022.

15. Therefore, Defendant and the Adjuster set out to deny properly-covered damages by performing a results-oriented investigation of the Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

16. Defendant failed to fulfill its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed

by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

17. Even though the Property sustained obvious damage caused by a covered occurrence, Defendant misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy.

18. Defendant failed to make an attempt to settle the Claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.

19. Defendant refused to adequately compensate Plaintiff under the terms of the Policy and failed to conduct a reasonable investigation of the Claim.

20. Defendant failed to offer Plaintiff a reasonable explanation for why the Claim was denied.

21. Defendant failed to timely acknowledge the Claim, begin an investigation of the Claim, and request all information reasonably necessary to investigate the Claim within the statutorily mandated time of receiving notice of the claim.

22. Defendant delayed full payment of the Claim longer than allowed, and, to date, Plaintiff has not received full payment for the Claim.

23. Since the time the Claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Defendant has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the Claim. This conduct is a violation of Defendant's duty of good faith and fair dealing.

24. Defendant knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendant knowingly concealed all or part of material information from Plaintiff.

25. Plaintiff has suffered damages because of Defendant's actions described above. The

mishandling of the Claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

26. Moreover, on April 20, 2023, the Plaintiff demanded appraisal pursuant to the terms of the Policy and designated an impartial and qualified appraiser. However, Defendant ignored the Plaintiff's demand and refused to participate in the appraisal.

## H. CAUSES OF ACTION

27. Each of the foregoing paragraphs is incorporated by reference in the following:

### I. Breach of Contract

28. Plaintiff entered into a valid and enforceable contract of insurance with Defendant. The contract, known as the Policy, provided coverage for Plaintiff's property. On or about July 5, 2022, a water loss occurred during the policy period, causing extensive damage to the Property, including the extensive damage to the drywall, insulation, floorings, ceilings, and electrical outlets of several rooms of the Property. Pursuant to the terms of the Policy, Plaintiff was entitled to coverage for losses resulting from water damage to the Property. Plaintiff promptly notified Defendant of the damage and submitted the Claim for the necessary repairs and restoration. However, Defendant breached the terms of the Policy by wrongfully denying and/or underpaying the Claim, thereby failing to fulfill its contractual obligations to Plaintiff.

29. Defendant's inadaquate investigation, denial and underpayment of the Claim resulted in damages to Plaintiff, who relied on the Policy to cover the cost of repairs and restoration of the Property.

30. Plaintiff has performed all conditions precedent required by the Policy, and Defendant's breach of contract has caused harm and financial loss to Plaintiff.

31. Therefore, Defendant's breach of the insurance contract between Defendant and Plaintiff entitles Plaintiff to seek damages for the resulting harm and losses suffered.

## II. Prompt Payment of Claims Statute

32.     Defendant's failure to pay for Plaintiff's losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of § 542.051 et seq. of the Texas Insurance Code.

33.     Plaintiff, therefore, in addition to the claims for damages, is entitled to interest and attorney's fees as set forth in § 542.060 of the Texas Insurance Code.

## III. Bad Faith/DTPA

34.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

35.     Defendant violated § 541.051 of the Texas Insurance Code by:

   1)    making statements misrepresenting the terms and/or benefits of the policy.

36.     Defendant violated § 541.060 by:

   1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff respective claims with respect to which the insurer's liability had become reasonably clear;

   3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of their respective claims or offer of a compromise settlement of a claim;

   4)    failing within a reasonable time to affirm or deny coverage of Plaintiff's respective claims or submit a reservation of rights to Plaintiff; and

   5)     refusing to pay the Claim without conducting reasonable investigations with respect to the Claim;

37. Defendant violated § 541.061 by:

   1) making an untrue statement of material fact;

   2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

   3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   4) making a material misstatement of law; and

   5) failing to disclose a matter required by law to be disclosed.

38. At all material times thereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

39. Defendant has violated the Texas Deceptive Trade Practices Act (the "DTPA") in the following respects:

   1) Defendant represented that the agreements confer or involve rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   2) Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction that Plaintiff would not have entered had the information been disclosed;

   3) Defendant by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)-(3) in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

40. Defendant knowingly committed the acts complained of. Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## IV.   Attorney's Fees

41. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

42. Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the Claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the Claim was presented.

43. Plaintiff further prays that he

44. be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## I. STATEMENT OF RELIEF AND STIPULATED DAMAGES

45. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks prejudgment and post- judgment interest at the highest legal rate.

## K. RESERVATION OF RIGHTS

46. Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend their petition to add additional counts upon further discovery and as investigation continues.

## L. JURY DEMAND

47. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Orange County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## M. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Boyd Belcher, prays that, upon final hearing of the case, they recover all damages from and against Defendant, QBE Specialty Insurance Company, that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

ZAR LAW FIRM

*/s/ Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
3900 Essex Lane, Ste 1011
Houston, Texas 77027
Office: (346) 980-6600
Fax: (281) 888-3150
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Matthew Zarghouni on behalf of Matthew Zarghouni
Bar No. 24086085
matt@zar-law.com
Envelope ID: 77778860
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 7/21/2023 4:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Matthew Zarghouni | | matt@zar-law.com | 7/21/2023 4:30:59 PM | SENT |
| Brandon Khure | | brandon@zar-law.com | 7/21/2023 4:30:59 PM | SENT |
| Mandy Godoy | | mandy@zar-law.com | 7/21/2023 4:30:59 PM | SENT |